UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JORDAN THOMPSON | CIVIL ACTION |
|---|---|
| VERSUS | NO. 24-946 |
| CHUBB EUROPEAN GROUP SE | SECTION "O" |

ORDER AND REASONS

Before the Court in this first-party-insurance case is the motion[1] of Defendant Chubb European Group SE to dismiss Plaintiff Jordan Thompson's breach-of-contract and statutory bad-faith claims under Federal Rule of Civil Procedure 12(b)(6). Chubb first contends that Thompson's claims are prescribed based on a two-year "contractual" prescriptive period set by the insurance's policy's "Suit Against Us" provision. Not so. Although Chubb may contractually shorten a prescriptive period in an insurance contract, Chubb may not contractually "opt out" of Louisiana's rules governing the interruption of prescription. And here, the first of Thompson's two substantively identical Hurricane Ida suits against Chubb interrupted prescription, making his second suit—this one—timely. Chubb next contends that Thompson fails to plead facts—rather than mere legal conclusions—plausibly establishing that Chubb breached the policy and violated Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes. The Court agrees. Still, because Thompson has not yet amended, and because Chubb has not shown that amendment would be futile, the Court grants Thompson another opportunity to plead his best case. Accordingly, for these reasons and those that follow, Chubb's motion is **DENIED** without prejudice.

---

[1] ECF No. 9.

## I. BACKGROUND

This first-party-insurance dispute arises from Thompson's claim that Chubb failed to timely and adequately pay the proceeds due under a homeowners insurance policy for damage Thompson's home suffered during Hurricane Ida.[2] The facts that follow are drawn from the allegations of Thompson's petition. Because Chubb contends that Thompson's claims are prescribed, precise dates are important.

Thompson owns property in New Orleans.[3] Chubb issued a homeowners insurance policy providing coverage for the property.[4] That policy includes a "Suit Against Us" clause that functionally imposes a two-year prescriptive period:

> No action can be brought against us unless there has been full compliance with all the terms under Section I of this policy and the action is started within two years after the date of loss.[5]

Hurricane Ida made landfall on August 29, 2021 and damaged Thompson's property.[6] Thompson "provided timely notice of the loss event to [Chubb]."[7] Chubb "performed inspection(s) of the loss and damage to the [property], and/or received satisfactory proof of loss and damage from [Thompson]."[8] Thompson does not allege when any inspection was performed or when Chubb received satisfactory proof of

---

[2] *See generally* ECF No. 1-1 at 4–14.
[3] *Id.* at 5 ¶ 5.
[4] *Id.* at 5 ¶ 6.
[5] ECF No. 9-2 at 52 (§ H). The Court considers the policy because Chubb attaches it to its motion to dismiss, Thompson references it in his petition, and it is central to Thompson's breach-of-contract and statutory bad-faith claims. *See New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 200 (5th Cir. 2016) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).
[6] ECF No. 1-1 at 5 ¶ 8.
[7] *Id.* at 5 ¶ 9. Although the petition repeatedly references "Defendants," Chubb is the only named Defendant. *See id.* at 1 ¶ 2.
[8] *Id.* at 5 ¶ 10.

loss.[9] Without providing any dates or details, Thompson alleges that Chubb has "been in possession of sufficient evidence and/or opportunity to fully apprise itself of the actual losses and damages [Thompson] has suffered[.]"[10] In similarly conclusion fashion, Thompson alleges that Chubb failed to (i) "pay the amount due in connection with the subject claims within thirty . . . days after receipt of satisfactory proof of loss"; (ii) "make a written offer to properly settle [Thompson's] property damage claims within thirty . . . days after receipt of satisfactory proof of loss"; and (iii) "pay the amount due to [Thompson] in connection with the subject claims within thirty . . . days after receipt of satisfactory proof of loss for more than sixty . . . days."[11] Thompson does not allege what "amount" he believes is "due" on his claim.[12] Nor does Thompson identify the policy provision he contends Chubb breached.[13]

Based on these and other allegations, Thompson originally brought this suit against Chubb in Orleans Parish Civil District Court on February 23, 2024—over 29 months after Hurricane Ida damaged Thompson's property.[14] In his state-court petition, Thompson sues Chubb for breaching the insurance policy and for bad faith under Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[15]

---

[9] *Id.*
[10] *Id.* at 6 ¶ 12.
[11] *Id.* at 6 ¶¶ 13, 15.
[12] *Id.* at 4–14.
[13] *Id.*
[14] *Id.*
[15] *Id.*

But Thompson's February 2024 suit was not his first Hurricane Ida suit against Chubb based on these same alleged facts: Thompson brought a substantively identical suit against Chubb in Orleans Parish Civil District Court on August 27, 2023,[16] less than two years after Hurricane Ida hit. It is undisputed that Orleans Parish Civil District Court had jurisdiction over that first suit and that venue in Orleans Parish was proper.[17] But about six months after Thompson filed that first suit, during a February 23, 2024 hearing, a state-court judge dismissed it without prejudice for insufficient service of process.[18] A judgment issued on March 14.[19]

Meanwhile, Chubb removed Thompson's second Hurricane Ida suit to this Court based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1).[20] Chubb now moves the Court to dismiss Thompson's second suit for failure to state a claim under Rule 12(b)(6), contending that Thompson's claims are prescribed, that Thompson's first, timely filed suit did not interrupt the policy's two-year "contractual" prescriptive period, and that Thompson fails to plead any plausible claims.[21] Thompson opposes.[22]

---

[16] ECF No. 9-3 at 1–7.
[17] *Compare* ECF No. 11 (Thompson asserting that he "timely filed his lawsuit in a court of proper jurisdiction and venue") *with* ECF No. 13 (Chubb not disputing that Orleans Parish Civil District Court had jurisdiction over Thompson's first suit and was a proper venue for it).
[18] ECF No. 9-5 at 2.
[19] *Id.*
[20] ECF No. 1.
[21] ECF No. 9.
[22] ECF No. 11.

## II. LEGAL STANDARD

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Ultimately, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

5

## III. GOVERNING LAW

Because jurisdiction is based on diversity, 28 U.S.C. § 1332(a)(1), the Court applies the substantive law of the forum—Louisiana. *See Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014). The Court evaluates issues of Louisiana law by looking to decisions of the Supreme Court of Louisiana. *See Keiland Constr. L.L.C. v. Weeks Marine, Inc.*, 109 F.4th 406, 418 (5th Cir. 2024) (citing *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018)). The Court will "look[ ] to the precedents established by" Louisiana's intermediate appellate courts "only when" the Supreme Court of Louisiana "has not spoken on an issue." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 565 (5th Cir. 2004) (quotation and citation omitted).

## IV. ANALYSIS

Chubb contends that Thompson fails to state any claims against it because (A) Thompson's claims are prescribed; and (B) Thompson inadequately pleads his breach-of-contract and statutory bad-faith claims.[23] The Court takes each argument in turn.

### A. Prescription

First, Chubb contends that Thompson's claims are prescribed on the face of Thompson's petition.[24] In this Rule 12(b)(6) context, the Court may dismiss Thompson's claims as prescribed "only" if his petition (1) "makes plain" that his claims are prescribed and (2) "raises no basis for tolling." *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (citations and quotation omitted). Chubb's argument rests on the two-year prescriptive period set by the policy's "Suit Against Us"

---

[23] ECF No. 9-1 at 1–16.
[24] *Id.* at 6–11.

6

provision.[25] That provision states in relevant part that "[n]o action can be brought against [Chubb] unless . . . the action is started within two years after the date of loss."[26] Chubb reasons that Thompson's claims are prescribed under that provision because Thompson filed this suit in February 2024, over two years after Hurricane Ida damaged Thompson's property in August 2021.[27] But Thompson rejoins that his timely filed first suit interrupted the policy's two-year prescriptive period.[28]

Thompson is right. Prescription is interrupted by filing suit "in a court of competent jurisdiction and venue." *Cichirillo v. Avondale Indus., Inc.*, 2004-2894, p. 9 (La. 11/29/05); 917 So. 2d 424, 430 (citing LA. CIV. CODE ANN. art. 3462). If a suit interrupts prescription, the interruption "continues so long as the suit is pending." *Id.* (citing LA. CIV. CODE ANN. art. 3463). "[T]he time that has run prior to the interruption is not counted; prescription commences to run anew from the last day of the interruption." *Id.* (citing LA. CIV. CODE ANN. art. 3466). Here, the two-year prescriptive period imposed by the policy's "Suit Against Us" provision was interrupted on August 27, 2023 by Thompson's first, timely filed suit in Orleans Parish Civil District Court, "a court of competent jurisdiction and venue." *Id.* (citing LA. CIV. CODE ANN. art. 3462). That interruption of the two-year prescriptive period "continu[ed]" until February 23, 2024—when Thompson's first suit was dismissed— and "commence[d] to run anew" from then. *Id.* (citing LA. CIV. CODE ANN. arts. 3463 & 3466). Because Thompson filed this second suit within two years after the two-year

---

[25] *Id.*
[26] ECF No. 9-1 at 52.
[27] *Id.*
[28] ECF No. 11 at 5–7.

7

prescriptive period "commence[d] to run anew" on February 23, 2024, Thompson's claims are not prescribed. *Id.* (citing LA. CIV. CODE ANN. art. 3466).[29]

Chubb's principal counterargument fails to convince the Court that it may dismiss Thompson's claims as prescribed. According to Chubb, Thompson's first, timely filed suit cannot interrupt the two-year prescriptive period imposed by the policy's "Suit Against Us" provision because it is a "contractual" prescriptive period not subject to interruption.[30] The Court disagrees. To be sure, Louisiana law allows an insurer to contractually shorten a prescriptive period so long as there is no "statutory prohibition."[31] *Taranto v. La. Citizens Prop. Ins. Corp*, 2010-105, p. 8 (La. 3/15/11); 62 So. 3d 721, 727. But an insurer like Chubb may not contractually "opt out" of "the general codal and statutory rules of prescription," including the rules governing interruption and suspension of prescription. *Duckworth v. La. Farm Bureau Mut. Ins. Co.*, 2011-2835, p. 10 (La. 11/2/12); 125 So. 3d 1057, 1063 (citing *Taranto*, 62 So. 3d at 734); *see also, e.g.*, *Taranto*, 62 So. 3d at 732 (rejecting insurer's

---

[29] It makes no difference to the interruption analysis that Thompson failed to timely serve Chubb with his first, timely filed suit. "[I]n the absence of bad faith," a suit that is timely filed in a court of competent jurisdiction and venue, but not timely served, interrupts prescription. *Bordelon v. Med. Ctr. of Baton Rouge*, 2003-202, p. 7 (La. 10/21/03); 871 So. 2d 1075, 1081. Chubb does not argue that Thompson acted in "bad faith." *See* ECF No. 9-1 at 1–16 & ECF No. 13 at 1–4. Accordingly, under *Bordelon*, Thompson's first, timely filed suit in Orleans Parish Civil District Court—a court of proper jurisdiction and venue—interrupted prescription, despite Thompson's failure to timely serve Chubb.

[30] ECF No. 13 at 2–3.

[31] One relevant statutory prohibition in this first-party-insurance context is Section 22:868(B) of the Louisiana Revised Statutes. *See* LA. STAT. ANN. § 22:868(B). Section 22:868(B) generally voids clauses in Louisiana insurance contracts that purport to require insureds to bring certain first-party claims within less than (1) 24 months "after the inception of loss" or (2) one year from when the cause of action accrued. *Id.* The "Suit Against Us" provision in Chubb's policy does not violate Section 22:868(B) because it gives insureds two years from the date of loss to file suit. *See* ECF No. 9-2 at 52.

8

argument that a "Suit Against Us" provision in an insurance policy was a "contractual" prescriptive period not subject to suspension or interruption).[32]

The Louisiana Fourth Circuit cases Chubb cites do not change the Court's interruption analysis or the result.[33] In each one, the Louisiana Fourth Circuit reasoned that a "contractual" prescriptive period in an insurance policy was not subject to interruption or suspension. *See Crescent City*, 158 So. 3d at 105–06; *Lila*, 994 So. 2d at 147; *Wolfe World*, 43 So. 3d at 314–15. But the Supreme Court of Louisiana has rejected the Louisiana Fourth Circuit's reasoning. *See, e.g.*, *Taranto*, 62 So. 3d at 732, 734 (reasoning that a "contractual" prescriptive period in an insurance policy was a "prescriptive period prescribed by law" and thus subject to "the laws with respect to interruption and suspension").[34] And in this *Erie* context, the Court must faithfully apply the reasoning of the Supreme Court of Louisiana's on-point precedent—not the conflicting reasoning of the Louisiana Fourth Circuit. *Cf. Primrose Operating*, 382 F.3d at 565 (an *Erie* court looks to state intermediate appellate precedent only when the state supreme court "has not spoken on an issue").

---

[32] *Accord, e.g.*, *Caldwell v. GeoVera Specialty Ins. Co.*, No. 2:24-CV-1023, 2024 WL 4245493, at *2 (W.D. La. Sept. 19, 2024) (concluding that an insurance policy's "contractual" prescriptive period was subject to interruption), *reconsideration denied*, 2024 WL 4710376 (W.D. La. Nov. 7, 2024); *C R U Shreveport, LLC v. Utd. Nat'l Ins. Co.*, 5:20-CV-151, 2020 WL 5948283, at *5 (W.D. La. Sept. 1, 2020) (concluding that an insured's timely filed suit in a court of competent jurisdiction and venue interrupted a "contractual" prescriptive period imposed by an insurance policy's "Legal Action [A]gainst Us" clause), *report and recommendation adopted*, 2020 WL 5949977 (W.D. La. Oct. 7, 2020).

[33] ECF No. 13 at 2–3 (first citing *Crescent City Prop. Redev. Assocs., LLC v. S. Fidelity Ins., Inc.*, 2014-0862 (La. App. 4 Cir. 12/17/14); 158 So. 3d 100; then citing *Lila, Inc. v. Underwriters at Lloyd's, London*, 2008-0681 (La. App. 4 Cir. 9/10/08); 994 So. 2d 139; and then citing *Wolfe World, LLC v. Stumpf*, 2010-209 (La. App. 4 Cir. 7/7/10); 43 So. 3d 311)).

[34] Other courts have recognized that the Supreme Court of Louisiana has rejected the reasoning of *Crescent City*, *Lila*, and *Wolfe World*. *See, e.g.*, *C R U Shreveport, LLC*, 2020 WL 5948283, at *5 (noting that "*Taranto* appears to have rejected the rationale that a policy period is solely a matter of contract and not subject to suspension or interruption"); *Caldwell*, 2024 WL 4245493, at *2 (same).

9

**B.     Inadequate Pleading**

Next, Chubb contends that Thompson inadequately pleads (1) breach-of-contract and (2) statutory bad-faith claims. The Court considers each claim in turn.[35]

**1.     Breach of Contract**

Thompson fails to state a breach-of-contract claim. "[A] breach-of-contract claim has three . . . elements: '(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.'" *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quoting *Favrot v. Favrot*, 2010-0986, p. 14–15 (La. App. 4 Cir. 2/9/11); 68 So. 3d 1099, 1108–09). "To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002) (citing *Bergeron v. Pan Am. Assurance Co.*, 98-2421, p. 14 (La. App. 4 Cir. 4/7/99); 731 So. 2d 1037, 1045).

Thompson fails to state a breach-of-insurance-contract claim against Chubb because Thompson fails to identify the specific provision(s) of the insurance policy that Chubb allegedly breached.[36] That "alone is enough to render the [petition] deficient." *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 652 (E.D. La. 2022) (Africk, J.) (citing *NAZ LLC v. Mt. Hawley Ins. Co.*, No. 21-1893, 2022 WL 1719272, at *2 (E.D. La. May 27, 2022)(Lemelle, J.)); *accord, e.g., Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010) (per curiam) (affirming Rule 12(b)(6)

---

[35] For his part, Thompson devotes just two paragraphs—and no citations to authority—to defending the adequacy of his allegations. *See* ECF No. 11 at 4.
[36] *See generally* ECF No. 1-1 at 4–10.

10

dismissal of the insureds' breach-of-insurance-contract claim because the insureds "made no reference to any specific policy provision of their homeowners insurance contract that [the insurer] allegedly breached"); *Engles v. Great Lakes Ins. SE*, 675 F. Supp. 3d 702, 707 (E.D. La. 2023) (Africk, J.) (reasoning that an insured failed to state a breach-of-insurance-contract claim against its insurer because the insured's complaint did not "identify any policy provision it believes [the insurer] breached"); *Bechet v. Chubb Euro. Grp., SE*, No. 23-CV-6192, 2024 WL 3595426, at *3 (E.D. La. July 30, 2024) (Long, J.) (reasoning that an insured "fail[ed] to state a plausible breach-of-insurance-contract claim because [the insured] fail[ed] to identify the specific provision(s) of the insurance policy that [the insurer] allegedly breached").

But Thompson's failure to plead a plausible breach-of-contract claim does not end the inquiry. The Court "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Thompson has not yet amended, and Chubb has not convinced the Court that amendment would be futile or that Thompson has pleaded his best case. So the Court denies Chubb's motion to dismiss this claim and grants Thompson leave to file an amended complaint within 21 days. This will afford Thompson another opportunity to plead his "best case." *See, e.g.*, *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 443 (5th Cir. 2015) (noting that in the "Rule 12(b)(6) context," the Fifth Circuit "has ordered the district court to dismiss insufficient pleadings where the plaintiff has had an opportunity to plead his best case" (citation omitted)). The denial of Chubb's motion is without prejudice to its right

11

to re-urge a motion to dismiss if Thompson's amended complaint fails to identify the specific provision(s) of the insurance policy that Thompson contends Chubb breached.

### 2. Bad Faith

Thompson also fails to state plausible claims against Chubb for bad faith under Sections 22:1892 and 22:1973. "[W]hen a breach of insurance contract [claim] fails, a bad faith claim shall likewise fail." *Omkar, LLC,* 624 F. Supp. 3d at 651 (citation and quotation omitted). Because Thompson fails to plead a plausible breach-of-insurance-contract claim against Chubb, Thompson necessarily fails to plead plausible statutory bad-faith claims against Chubb. *See id.*; *accord, e.g.*, *Rodriguez v. Occidental Fire & Cas. Co. of N.C.*, No. 23-CV-5656, 2024 WL 50842, at *3 (E.D. La. Jan. 4, 2024) (Lemelle, J.) ("As we have found no plausible statement of a breach of contract claim, plaintiff's dependent claim that defendant breached its duty of good faith and fair dealing also fails the 12(b)(6) analysis."); *Bechet*, 2024 WL 3595426, at *4 ("Because Plaintiff fails to plead a plausible breach-of-insurance-contract claim, Plaintiff fails to plead plausible statutory bad-faith claims." (citations omitted)).

Even if Thompson had pleaded a plausible breach-of-contract claim, however, Thompson would still fail to plead plausible bad-faith claims. As relevant to those claims, Sections 22:1892(A)(1) and 22:1892(B)(1)(a) operate together to subject an insurer to "a penalty" as well as "reasonable attorney fees and costs" if the insurer "fail[s]" to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss" and "demand therefor" and the insurer's "failure is . . . arbitrary, capricious, or without probable cause." LA. STAT. ANN.

§§ 22:1892(A)(1) & (B)(1)(a). Section 22:1892(A)(4), in conjunction with Section 22:1892(B)(1)(a), in turn subjects an insurer to those same penalties, attorney fees, and costs if the insurer "fail[s]" to "make a written offer to settle any property damage claim . . . within thirty days after receipt of satisfactory proofs of loss of that claim" and the insurer's "failure is . . . arbitrary, capricious, or without probable cause." LA. STAT. ANN. §§ 22:1892(A)(4) & B(1)(a). Section 22:1973(A), on the other hand, imposes "a duty of good faith and fair dealing" on an insurer with respect to its insured. LA. STAT. ANN. § 22:1973(A). An insurer violates that duty if the insurer "[f]ail[s] to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." LA. STAT. ANN. § 22:1973(B)(5). The conduct that Sections 22:1892(A)(1) and 22:1973(B)(5) prohibit is "virtually identical"; both statutes target "the failure to timely pay a claim after receiving satisfactory proof of loss when the failure to pay is arbitrary, capricious, or without probable cause." *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-0107, p. 12 (La. 10/21/03); 857 So. 2d 1012, 1020 (internal citation omitted). "The primary difference is the time periods allowed for payment." *Id.* (internal citation omitted).

Thompson fails to plead facts plausibly establishing that Chubb's alleged failures to timely pay his claim and to timely make a written offer to settle his claim were "arbitrary, capricious, or without probable cause" under Sections 22:1892 and 22:1973. "The phrase 'arbitrary, capricious, or without probable cause' is synonymous with 'vexatious,' and a 'vexatious refusal to pay' means 'unjustified, without

13

reasonable or probable cause or excuse.'" *La. Bag. Co. v. Audubon Indem. Co.*, 2008-0453, p. 14 (La. 12/2/08); 999 So. 2d 1104, 1114 (quoting *Reed*, 857 So. 2d at 1021) (citing La. *Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So. 2d 1250, 1253 (La. 1993)). "[A]n insurer who fails to pay the insured the *undisputed portion* of the claim within the statutory time limit is, 'by definition, arbitrary, capricious or without probable cause.'" *First Baptist Church of Iowa, La. v. Church Mut. Ins. Co., S.I.*, 105 F.4th 775, 793 (5th Cir. 2024) (emphasis added) (quoting *La. Bag. Co.,* 999 So. 2d at 1116). But an insurer's "failure to pay within the statutory time period[s] is not arbitrary, capricious or without probable cause" if "there are substantial, reasonable and legitimate questions as to the extent of an insurer's liability or an insured's loss." *La. Bag. Co.*, 999 So. 2d at 1114.

Thompson fails to plead facts plausibly establishing that Chubb failed to pay the undisputed portion of his Hurricane Ida insurance claim, or failed to make a written offer to settle his claim, within the statutory time periods. He fails to plead facts—rather than mere conclusions—that allow the Court to plausibly infer (1) "the undisputed portion" of Thompson's Hurricane Ida insurance claim, and (2) that Chubb failed to pay that "undisputed portion" within the statutory time periods. *See id.* at 1116. Thompson also fails to allege "when demand was made upon [Chubb] for payment." *Engles*, 675 F. Supp. 3d at 708. Thompson thus fails to state bad-faith claims against Chubb under Sections 22:1892 and 22:1973. *Accord, e.g.*, *Rodriguez*, 2024 WL 50842, at *3 (concluding that an insured failed to state statutory bad-faith claims because the insured "fail[ed] to provide factual allegations of why [the] unpaid

14

portions [of the claim] are properly considered undisputed" (citation and quotation omitted); *JMC–Tran Props. v. Westchester Surplus Lines Ins. Co.*, No. 22-CV-4727, 2023 WL 2527168, at *4 (E.D. La. Mar. 15, 2023) (Africk, J.) (same); *Engles*, 675 F. Supp. 3d at 708 (similar); *Bechet*, 2024 WL 3595426, at *5 (same).[37]

Thompson's petition resembles pleadings this Court and others have found wanting. *See Omkar, LLC*, 624 F. Supp. 3d at 652–53; *JMC–Tran Props*, 2023 WL 2527168, at *4–5; *Bechet*, 2024 WL 3595426, at *4–5. Like the deficient complaint in *Omkar* and the deficient petition in *Bechet*, Thompson's petition merely "parrot[s] the legal standards applicable to [Thompson's] claims without providing factual support." *Omkar*, 624 F. Supp. 3d at 653; *see also Bechet*, 2024 WL 3595426, at *5. And like the complaint in *JMC* and the petition in *Bechet*, Thompson's petition here "does not state when [Chubb] received satisfactory proof of loss, when inspections of the property took place, or other factual allegations regarding timing which are necessary to determine if and when the 30-day and 60-day statutory periods began to run." *JMC*, 2023 WL 2527168, at *5 (citation omitted); *see also Bechet*, 2024 WL 3595426, at *5.

As with Thompson's breach-of-contract claim, however, Thompson's failure to state bad-faith claims does not end the inquiry. That is because the Court "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). As noted above, Thompson has not yet amended, and Chubb has not convinced the Court

---

[37] Thompson alleges that Chubb's alleged failures to timely make a written offer to settle and to timely pay the amount due on Thompson's claims were "arbitrary, capricious, without probable cause, made in bad faith, and a breach of [Chubb's] obligations." ECF No. 1-1 at 8 ¶¶ 27 & 28. These allegations are "nothing more than labels and conclusions" that are "insufficient to state a claim." *Hibbets*, 377 F. App'x at 356 (first citing *Twombly*, 550 U.S. at 555; then citing *Iqbal*, 556 U.S. at 678; and then citing *Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 165 (5th Cir. 1999)).

that amendment would be futile or that Thompson has pleaded his best case. So the Court denies Chubb's motion to dismiss these claims and grants Thompson leave to file an amended complaint within 21 days. This will afford Thompson another opportunity to plead his "best case." *See Bosarge*, 796 F.3d at 443. The denial of Chubb's motion to dismiss these claims is without prejudice to Chubb's right to re-urge a motion to dismiss if Thompson's amended complaint fails to plead facts plausibly establishing each element of his statutory bad-faith claims.

## V.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Chubb's motion[38] to dismiss is **DENIED** without prejudice. Thompson shall file an amended complaint that tries to fix the problems outlined above within 21 days. If Thompson fails to timely file an amended complaint, the Court will dismiss this action with prejudice and enter judgment for Chubb.

New Orleans, Louisiana, this 3rd day of March, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[38] ECF No. 9.